**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTEW L. TALBERT, AMY TALBERT, and INTERNATIONAL OFFSET CORP.,

Plaintiffs,

vs. Case No.

CITIBANK, N.A.,

Defendant.
_______________________________/

# NOTICE OF REMOVAL

Defendant, CITIBANK, N.A. ("Citibank"), by and through its undersigned counsel, hereby removes the civil action currently pending in the County Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, captioned *Matthew L. Talbert, et al. v. Citibank, N.A*, Case No. 2026-SC-004694 (consolidated with Case No. 2026-SC-004695) (the "State Court Action"), to the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and in support states as follows:

1. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed in the State Court Action are attached hereto as **Composite Exhibit A**.

2. **This Notice of Removal is Timely:** On October 30, 2026, Plaintiff Matthew L. Talbert served on Citibank his Answers to Citibank's Interrogatories

and asserted, for the first time, that Plaintiffs', Matthew L. Talbert; Amy Talbert; and International Offset Corp. ("Plaintiffs"), claims arose under federal law. A true and correct copy of the Answers to Interrogatories are attached hereto as **Exhibit B**. Accordingly, pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within thirty (30) days of Citibank's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also* *Owoc v. LoanCare, LLC*, 524 F. Supp. 3d 1295, 1303 (S.D. Fla. 2021) ("Responses to interrogatories are **considered 'other paper'** for purposes of removal under § 1446(b)(3)."); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007).

3. **Consent**: No other defendants require consent to removal under 28 U.S.C. § 1446(b)(2)(A).

4. **Jurisdiction:** Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331.

5. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. In the Answers to Interrogatories, Plaintiffs contend that Citibank violated the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq*. (the "FCBA") and the

Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. (the "TILA"), including Regulation Z, 12 CFR Part 1026. *See* Exhibit B, Answer No. 3, 10-12.

7. Accordingly, this Court has original subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1331 and 1441 based on the federal claims asserted.

8. Furthermore, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' remaining claims for breach of contract, breach of fiduciary duty, and participation in prohibited practices because the claims arise from the same series of events, the same set of operative facts, relates to the same alleged wrongful conduct, and forms part of the same case or controversy as Plaintiffs' claims under the FCBA, the TILA, and Regulation Z.

9. This Court and the Orlando Division are the proper forum for removal because the Eighteenth Judicial Circuit, in and for Seminole County, Florida, is located within the Middle District of Florida.

10. **Notice to Plaintiffs:** Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Citibank will promptly: (a) provide written notice to Plaintiffs; and (b) file a notice of removal with the State Court.

11. Nothing in this Notice of Removal shall be construed as a waiver of Citibank's right to assert any defense or affirmative matter. Citibank expressly reserves, and does not waive, its right to move to compel arbitration under the card agreement governing the Citibank credit card account that is the subject of this action.

WHEREFORE, Defendant CITIBANK, N.A. respectfully requests that this Court accept this Notice of Removal, assume jurisdiction over this action, issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof, and grant such other relief as may be appropriate and just.

Dated this 6th day of November, 2026.

*<u>/s/ Chantal M. Pillay</u>*
Louis M. Ursini, III, Esq.
Florida Bar No. 0355940
Primary: louis.ursini@arlaw.com
Secondary: lisa.stallard@arlaw.com

Chantal M. Pillay, Esq.
Florida Bar No. 108369
Primary: chantal.pillay@arlaw.com
Secondary: lisa.stallard@arlaw.com

Allison N. Zunica, Esq.
Florida Bar No. 1049314
Primary: allison.zunica@arlaw.com
Secondary: faith.hackbarth@arlaw.com

**ADAMS & REESE, LLP**
100 North Tampa Street, Suite 4000
Tampa, FL 33602
813-402-2880 (Telephone)
813-402-2887 (Facsimile)
*Attorneys for Citibank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November 2026, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and CM/ECF participants.

*/s/ Chantal M. Pillay*
Chantal M. Pillay, Esq.